NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3169

TRACY A. BALDWIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Tracy A. Baldwin, of Palatine, Illinois, pro se.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3169

TRACY A. BALDWIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0845-07-0209-I-1.

_____

DECIDED:  July 9, 2008

_____

Before LOURIE, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM

## DECISION

Tracy A. Baldwin appeals from the final decision of the Merit Systems Protection Board ("Board") sustaining the Office of Personnel Management's ("OPM") decision to collect $50 per month from her Federal Employee Retirement System ("FERS") payment in order to recoup an overpayment of her retirement annuity.  <u>Baldwin v. Office of Pers. Mgmt.</u>, CH-0845-07-0209-I-1 (M.S.P.B. Dec. 19, 2007).  Because Baldwin fails to identify any basis for reversal, we <u>affirm</u>.

BACKGROUND

On June 20, 2005, OPM awarded Baldwin a disability retirement annuity. In its letter awarding her the annuity, OPM informed Baldwin that she was required to apply for Social Security Administration ("SSA") disability benefits. In addition, OPM stated that "[f]ederal retirement law requires [her] disability benefits under the FERS be reduced by 100 percent of [her] Social Security benefit for any month in which [she is] entitled to Social Security disability benefits during the first twelve months of eligibility." Moreover, the letter stated that "[b]ecause FERS disability benefit must be reduced by 100% of any Social Security benefit payable for 12 months, Social Security checks should not be negotiated until the FERS benefit has been reduced."

Baldwin was awarded a monthly SSA disability benefit, effective December 1, 2005. From December 2005 to May 2006, Baldwin was paid both the SSA disability benefit and the full FERS amount, yielding a total overpayment of $8,892.00. OPM informed Baldwin that it intended to collect the overpayment. On June 20, 2006, Baldwin requested reconsideration of OPM's decision to collect overpayment, or, in the alternative, requested a waiver of the overpayment collection. On December 19, 2006, OPM denied Baldwin's request and concluded that she was not entitled to a waiver. In light of the financial hardship that the collection of overpayment would cause, however, OPM proposed collecting 177 monthly installments of $50, plus a final installment of $42, with no interest. Baldwin appealed to the Board.

On March 28, 2007, the Administrative Judge ("AJ") upheld the OPM's decision to collect the overpayment. Baldwin v. Office of Pers. Mgmt., CH-0845-07-0209-I-1 (M.S.P.B. Mar. 28, 2007) ("Initial Decision"). The AJ found that OPM had established

the existence and amount of the overpayment. The AJ further found that Baldwin was not entitled to a waiver because she was put on notice that if she received SSA disability benefits, she should set aside money to repay OPM. Because Baldwin failed to set aside the funds, the AJ concluded that she was not entitled to a waiver. In addition, the AJ determined that the repayment schedule would not impose a financial hardship on Baldwin and thus need not be adjusted.

Baldwin appealed the AJ's decision to the full Board, which denied her petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113. Baldwin timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Baldwin primarily asserts that the Board erred in determining that she was not entitled to a waiver of the overpayment. In particular, Baldwin asserts that the Board failed to consider that she was "completely without fault" and failed to take into account her financial hardship. In response, the government argues that the Board carefully considered all relevant facts and correctly applied the law in upholding the OPM's decision.

2008-3169

We agree with the government. Under FERS, an individual may be entitled to waiver of payment if certain conditions are satisfied. In particular, the governing statutory provision provides that:

Recovery of payments under subchapter II, IV, or V of this chapter may not be made from an individual when, in the judgment of the Office, the individual is without fault and recovery would be against equity and good conscience.

5 U.S.C. § 8470(b) (emphasis added). Here, the AJ determined that Baldwin failed to satisfy either prong. First, the AJ found that Baldwin was "not entirely without fault in causing or contributing to the overpayment" because OPM specifically advised her "in its letter approving her disability retirement to set aside any SSA benefits to offset any potential FERS annuity overpayment." Initial Decision at 4. Baldwin was thus on notice that she would not be entitled to a double benefit and should have set aside funds to cover the overpayment. The AJ found that Baldwin "knew or should have known about her obligation to set aside the money and repay OPM." Id. at 5. As such, the AJ concluded that Baldwin was not entirely without fault. We find that conclusion to be supported by substantial evidence in the record.

Second, the AJ considered financial hardship that may result from repayment. The AJ considered Baldwin's completed Financial Resources Questionnaire and determined that some of her expenses, including her automobile payment and gas expenses, were excessive and could be reduced. Moreover, the AJ noted that the repayment schedule had already been reduced by OPM and that Baldwin failed to explain what she did with the overpayment she had received. Thus, the AJ found that, based on her reported expenses and the adjustments that could be made to her current

2008-3169

-4-

expenses, Baldwin failed to demonstrate financial hardship. We likewise find that conclusion to be supported by substantial evidence.

We thus conclude that the AJ properly concluded that Baldwin was not entitled to a waiver. Accordingly, because Baldwin fails to identify any reversible error, we <u>affirm</u>.

COSTS

No costs.